NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE EGOAVIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 06-1869 (JLL) |
| v. ) | |
| ) | **O R D E R** |
| CITY OF IRVINGTON, IRVINGTON ) | |
| POLICE DEPARTMENT, and STEVEN ) | |
| WOODARD, ) | |
| ) | |
| Defendants. ) | |

For Defendant: William D. Manns, Jr.

**LINARES, District Judge.**

    This matter comes before the Court on the unopposed motion to dismiss [CM/ECF #19] of Defendants Irvington Police Department and Steven Woodard ("Defendants," the "Police Department," or "Woodard," respectively) the Complaint filed by Plaintiff George Egoavil ("Plaintiff" or "Egoavil"). No oral argument was held. Fed. R. Civ. P. 78. For the reasons set forth in this Opinion, Defendant's motion to dismiss is granted.

    The facts underlying this dispute are straightforward. Egoavil alleges in his Complaint that after being arrested on February 2, 2006, by Woodard, an Irvington police officer, Woodard's K-9 dog attacked him and caused injuries to his face, arms, and wrist. (Compl. ¶¶ 6, 9, 14-15, 18.) On the instant motion to dismiss, Defendants argue that the Police Department is not an appropriate entity for Egoavil to sue, and that the Complaint should be dismissed against

Woodard in his official capacity as indistinguishable from the City of Irvington. (Def. Br. at 1.)

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.[1] See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000). However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997). Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. See In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Moreover, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Id. Ultimately, however, the question is not whether plaintiffs will prevail at trial, but whether they should be given an opportunity to offer evidence in support of their claims. Scheuer, 416 U.S. at 236. With this framework in mind, the Court turns now to Defendant's motion.

---

[1] In doing so, a court may look only to the facts alleged in the complaint and any accompanying attachments, and may not look at the record. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).

2

The Police Department is correct that it cannot be sued in a civil rights suit alongside the City of Irvington, of which it is an administrative arm. Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 n.4 (3d Cir. 1997); DeBellis v. Kulp, 166 F. Supp 2d 255, 264 (E.D. Pa. 2001); Hoover v. Smith, No. 1224-03, 2007 WL 632932, at *1 (N.J. Super. Ct. App. Div. 2007) (unreported).

Defendants seek to use the same arguments to have this Court dismiss the Complaint against Woodard in his official capacity as a police officer of the City of Irvington, while leaving Woodard in the suit in his individual capacity. (Def. Br. at 6.) Defendant's contention is correct, once again, with respect to police officers in their official capacity. Kentucky v. Graham, 473 U.S. 159, 165 (1985); Christy v. Pennsylvania Tpk. Comm'n, 54 F.3d 1140, 1143 n.3 (3d Cir. 1995); DeBellis, 166 F. Supp 2d at 264. For these reasons, and good cause having been shown,

**IT IS** on this 18th day of November, 2008,

**ORDERED** that Plaintiffs' motion to dismiss is GRANTED, and the Complaint is hereby dismissed as to Woodard in his official capacity and also as to the Police Department.

Jose L. Linares
United States District Judge

3